Zimmerman, J.
It is apparent from the record that the agreements of 1830,1846 and 1874, particularly the latter, established a seven-foot private alley separating the premises now owned by Mad River and the Felmans, and both lower courts so found. It further appears that since its creation such alley has been regularly used for ingress and egress.
The Court of Common Pleas found that the Felmans were making an improper and unauthorized use of the alley by parking and storing automobiles therein, which practice if long enough continued might ripen into a prescriptive right, and enjoined such practice.
The Court of Appeals found some merit in Mad River’s position, but also found that Mad River’s encroachments in the alley were contrary to the original agreement of 1830 and weakened its position, and in an effort to compromise the differences between the parties the Court of Appeals decreed that “Felman be enjoined from parking within any part of the private *516 alley abutting the east line of their lot from the southeast corner for a distance of sixteen feet northward,” thus modifying the decree of the trial court to a considerable extent.
It is quite true that the use of the private alley for vehicular traffic has increased materially in recent years and that platforms have been constructed along the alley and are used for loading and unloading purposes. However, none of the platforms are adjacent to the Felmans’ premises and it may not be successfully contended that their construction and use was and is in any way unlawful.
On the basis of equity the Felmans argue, and the Court of Appeals seems to have agreed with them, that, since Mad River is making a use of the alley in a manner and to an extent not contemplated by the agreements of a bygone day, they should be permitted to appropriate a part of the alley for the parking and storing of automobiles. But, there is a difference in the use of the alley by Mad River and that to which the Felmans wish to devote it. In line with the design of the agreements mentioned, Mad River’s use is essentially for traffic moving in and out of the alley and which remains temporarily static for the transaction of business and does not have the effect of rendering the alley unusable, whereas the Felmans use the alley for parking and storing automobiles over protracted periods of time which renders the alley impassable for indefinite periods. In other words, the use of the alley by Mad River is in accord with the general design of ingress and egress for which the alley was established, although more extensive (compare paragraph two of the syllabus of Erie Rd. Co. v. S. H. Kleinman Realty Co., 92 Ohio St., 96, 110 N. E., 527), whereas the Felmans would appropriate the alley for a purpose which was never intended and which, could result in the permanent destruction of the alley *517 as a way of ingress and egress for vehicular traffic. It is one thing to expand a use, for which a private alley was established, by reason of changed conditions and times and quite another to engage in an unauthorized practice entirely foreign to the use.
In our opinion, on the whole record, the findings and conclusions of the Court of Common Pleas are substantiated and the decree it entered is the proper one in the circumstances. Therefore, the decree of the Court of Appeals is modified to conform with that of the Court of Common Pleas and as so modified is affirmed.

Judgment modified and, as modified, affirmed.

Weygandt, O. J., Middleton, Taet, Matthias, Hart and Stewart, JJ., concur.